UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| THOMAS JAMES ROBERTS, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) Case No. 3:13-cv-01072-RBP-HGD |
| | ) |
| WILLIE THOMAS, Warden, and | ) |
| THE  ATTORNEY GENERAL OF | ) |
| THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents | ) |

**REPORT AND RECOMMENDATION**

Petitioner, Thomas James Roberts, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his 2004 conviction after a jury trial in the Circuit Court of Colbert County on two counts of first degree rape.  He was sentenced to concurrent terms of life in prison.

As grounds for his habeas corpus petition filed June 1, 2013, Roberts contends he was denied due process of law because the prosecutor "had [his] name on two indictments, whereas, [he has] never been arrested and charged by a judge or magistrate." (Doc. 1, Petition, at 5).  According to petitioner, the Colbert County grand jury returned a two-count indictment against him on September 5, 2003.  Petitioner was arrested on September 26, 2003, by officers of the Colbert County

Sheriff's Department. He was accused of raping J.S., a minor, in April 2001 and June 2003. He was found guilty by a jury on October 20, 2004, and sentenced on November 22, 2004, to concurrent life sentences. (*Id.* at 8). Roberts claims that the court was without jurisdiction to render judgment because the case was initiated by an indictment, in derogation of *Ala. Code* §§ 15-7-1, -2 and -3, after the case against him supposedly had been closed after an earlier investigation into the allegations. He also claims that the district attorney submitted false information to the grand jury in order to obtain an indictment.

It is noted that Roberts already has sought federal habeas corpus relief in this court several times for the conviction he challenges here. *See Thomas James Roberts v. Billy Mitchem, et al.*, Case No. 3:07-cv-01070-LSC-HGD[1], *Thomas James Roberts*

---

[1] In this petition, he claimed:

a. The evidence against him is insufficient because the evidence had been tampered with by law enforcement authorities and testimony was perjured;
b. His conviction was obtained by use of a "confession" coerced from the victim;
c. His conviction was obtained by use of evidence obtained pursuant to an unconstitutional search and seizure when his blood was taken without his consent;
d. His conviction was obtained by use of evidence obtained pursuant to an unlawful arrest which was allegedly based on the perjured testimony of the victim and results from a rape test kit which was allegedly subjected to tampering;
f. His conviction was obtained by the failure of the prosecutor to provide the petitioner with exculpatory evidence, that is, that there were two different "sets of evidence submitted and switched during the course of trial."

*v. Billy Mitchem, et al.*, Case No. 3:09-cv-00517-JHH-HGD[2], *Thomas James Roberts v. Kyle Brown, et al.*, Case No. 11-cv-03188-RDP-HGD[3], *Thomas James Roberts v. C. Price, et al.*, Case No. 11-cv-00750-CLS-HGD[4], *Thomas James Roberts v. Harold*

---

  h. His conviction was obtained by an unconstitutionally impaneled and selected grand jury and petit jury;
  i. His trial counsel was ineffective for allowing the State to introduce two sets of evidence and for failing to prove the evidence against him was all fabricated;
  j. The serological and DNA evidence submitted against him was either manufactured or lacking in reliability;
  k. The prosecutor switched or tampered with the evidence during trial;
  l. Petitioner again attacks the collection, fabrication and use of serological and DNA evidence against him by the State;
  m. The Alabama Court of Criminal Appeals improperly dismissed his appeal and the Alabama Supreme Court improperly construed his petition for a writ of mandamus as a petition for a writ of certiorari; and,
  n. The Alabama Court of Criminal Appeals and Supreme Court of Alabama improperly dismissed his appeal, and the prosecutor tampered with evidence.

[2] In this petition, Roberts claimed his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; his conviction was obtained by use of evidence gained pursuant to an unlawful arrest; he received ineffective assistance of counsel; and the evidence against him was insufficient to support the conviction.

[3] While Roberts filed the petition on a form for use in 42 U.S.C. § 1983 cases, he sought only release from incarceration on the grounds that defendants subjected him to malicious prosecution, false arrest and false imprisonment; no affidavits or testimony taken provided probable cause to believe that petitioner committed the crimes with which he was charged; he was indicted by the grand jury without a prior arrest for the offense charged; the county defendants worked together with his defense attorney to fabricate a rape case against him; his attorney failed to assist in proving his innocence; there was no affidavit by a victim or complaint accusing him of a crime or engaging in forcible compulsion; and the evidence was insufficient to convict him.

[4] In this petition, Roberts claimed his prosecution was improperly based on an information rather than an indictment, and the arrest warrant was issued without oath or affirmation and without probable cause.

*Hughston, Jr.*, Case No. 7:12-cv-00254-CLS[5], *Thomas James Roberts v. Willie Thomas, et al.*, Case No. 5:12-cv-01080-SLB-HGD[6], and *Thomas James Roberts v. Willie Thomas, et al.*, Case No. 4:12-cv-03007-VEH-HGD.[7]

In *Thomas James Roberts v. Billy Mitchem, et al.*, Case No. 3:07-cv-01070-LSC-HGD, all claims were found to be procedurally barred and the habeas corpus petition was denied. Roberts did not appeal. In *Thomas James Roberts v. Billy Mitchem, et al.*, Case No. 3:09-cv-00517-JHH-HGD, the petition was dismissed as successive pursuant to 28 U.S.C. § 2244(b)(1) and for failure to comply with 28 U.S.C. § 2244(b)(3)(A). Roberts appealed the dismissal, but the Eleventh Circuit Court of Appeals denied a certificate of appealability and permission to proceed on

---

[5] In this petition, Roberts asserted that he was not presented with a complaint by his accuser, that he never went before a judge or magistrate to be charged with a crime, that he has not been charged with a crime in municipal court, and that Circuit Judge Harold Hughston "allowed the county prosecutor to fabricate false rape charges against [him] by submitting two false true bill indictments."

[6] In this petition, Roberts alleged that he was denied due process and equal protection because the prosecutor put his name on two true bill indictments he created; however, petitioner never went before a district court judge to be charged and never was arrested by a police officer before indictment. He also appears to have alleged that he was stopped by police based on an anonymous tip which did not exhibit sufficient indicia of reliability to provide reasonable suspicion to make an investigatory stop, and that the indictment was void because it failed to allege each material element of the offense. Petitioner also filed a motion to amend his habeas corpus petition, to allege that he was convicted by use of evidence taken in violation of his Fourth Amendment rights and that his attorney failed to object to the evidence and "did not make an effort" in petitioner's trial.

[7] In this petition, Roberts claimed that he was denied due process because the prosecutor initiated two criminal proceedings by false indictments, without a complaint or an arrest based on probable cause. He also alleged he has not committed a crime or been charged with a crime.

appeal *in forma pauperis*. The United States Supreme Court denied a petition for writ of certiorari.

In *Thomas James Roberts v. C. Price, et al.*, Case No. 11-cv-00750-CLS-HGD, the petition was dismissed pursuant to 28 U.S.C. § 2244(b)(2) and for failure to comply with 28 U.S.C. § 2244(b)(3)(A). The Eleventh Circuit subsequently denied Roberts' application for leave to file a second or successive petition. In *Thomas James Roberts v. Harold Hughston, Jr.*, Case No. 7:12-cv-00254-CLS, the petition was dismissed as successive pursuant to 28 U.S.C. § 2244(b)(1) and for failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner did not file an appeal of the dismissal.

In *Thomas James Roberts v. Willie Thomas, et al.*, Case No. 5:12-cv-01080-SLB-HGD, the petition was dismissed on September 10, 2012, pursuant to 28 U.S.C. § 2244(b)(1) and (2) and, in the alternative, for failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner did not file an appeal of the dismissal.

In *Thomas James Roberts v. Willie Thomas, et al.*, Case No. 4:12-cv-03007-VEH-HGD, the petition was dismissed on September 28, 2012, pursuant to 28 U.S.C. § 2244(b)(1) and (2) and, in the alternative, for failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner did not file an appeal of the dismissal.

## DISCUSSION

Rule 4 of the *Rules Governing § 2254 Cases* allows a habeas corpus petition to be dismissed summarily by a district court if it plainly appears from the face of the petition that the petitioner is not entitled to any relief. Further, a court may take judicial notice of its own records in habeas proceedings. *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994); *Allen v. Newsome*, 795 F.2d 934, 938 (11th Cir. 1986). This habeas corpus petition is due to be dismissed on a number of grounds.

Title 28 U.S.C. § 2244(b)(1), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

The magistrate judge finds that the claims raised in the instant habeas corpus–that he was denied due process because the prosecutor initiated two criminal proceedings by false indictments, without a complaint or an arrest, and that the prosecutor submitted false evidence to obtain the indictment–were raised in previous petitions. Therefore, the petition is due to be dismissed pursuant to 28 U.S.C. § 2244(b)(1). Accordingly, the magistrate judge RECOMMENDS that this habeas corpus petition be DISMISSED pursuant to 28 U.S.C. § 2244(b)(1).

Further, it is noted that 28 U.S.C. § 2244(b)(3)(A) provides that "before a second or successive application permitted by this section is filed in the district court,

the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not sought nor obtained the required authorization to file the present habeas corpus petition. Therefore, in the alternative, the magistrate judge RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to comply with 28 U.S.C. § 2244(b)(3)(A).

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 1st day of July, 2013.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE